UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLIFTON MASSEY, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER JOEL ALBERSON, et al., <br><br> Defendants. | CAUSE NO.: 1:16-CV-136-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendants', Officers Joel Alberson, Carter Wireman, Tina Keffaber, Nathan Bidlack, Michael Malooley, Aaron Myers, Jody Merriman, and Richard Wacasey, Motion to Dismiss for Failure to Prosecute [ECF No. 52] pursuant to Federal Rules of Civil Procedure 16(f) and 41(b). For the reasons stated in this Opinion and Order, the Court GRANTS the Defendants' Motion to Dismiss for Failure to Prosecute and ORDERS this case DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f) and 41(b).

**BACKGROUND**

The Plaintiff, Clifton Massey, filed a Complaint [ECF No. 1] on April 27, 2016. The Plaintiff alleged that the Defendants subjected him to unreasonable force in violation of his rights pursuant to the Eighth and Fourteenth Amendment. (Pl.'s Compl. ¶ 2.) At the time he filed the Complaint, the Plaintiff was represented by counsel. On September 27, 2018, Plaintiff's counsel filed a Motion to Withdraw Appearance [ECF No. 44]. In this motion, Plaintiff's counsel stated that there had been a "breakdown" in attorney-client communication and a failure on the part of the Plaintiff to cooperate with his counsel in pursuing his case. (Mot. to Withdraw Appearance

¶ 1.) Plaintiff's counsel stated that the Plaintiff's last known contact with his counsel or their support staff was on April 21, 2017. (*Id.* ¶ 1.) The Court granted the motion on October 1, 2018 [ECF No. 49]. On November 7, 2018, the Court held a telephone conference, which the Plaintiff failed to attend [ECF No. 50]. The Court directed the Clerk to provide a copy of the Court minutes and a complete copy of the Court docket to the Plaintiff at his last known address of record, but the mail was returned undeliverable on December 3, 2018 [ECF No. 51]. On December 14, 2018, the Defendants, apart from Defendant Gladieux, filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) due to the Plaintiff's failure to prosecute his case [ECF No. 52].

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(f) allows for dismissal of an action where the party has filed to obey a scheduling or pretrial order. Fed R. Civ. P. 16(f)(1)(C). Federal Rule of Civil Procedure 41(b) outlines the means by which courts may dismiss a case as a sanction against a party who fails to comply with a court order or fails to comply with or permit discovery. Fed R. Civ. P. 41(b). The criteria for sanctions under Rules 16(f) and 41(b) are the same. *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993)

Rule 41(b) allows a court to dismiss an action, upon motion, "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *Ball v. City of Chi.*, 2 F.3d 752, 753 (7th Cir. 1993). The Seventh Circuit has stated that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chi.*, 333 F. 3d 780, 786 (7th Cir. 2003). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003)

2

overruled on other grounds by *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016) (internal quotation marks and citation omitted). The Seventh Circuit has summarized the factors relevant to the decision whether to dismiss a suit under Rule 41(b) as follows:

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball*, 2 F.3d at 759–60 (7th Cir. 1993).

## ANALYSIS

The Plaintiff has failed to prosecute his case in several respects. The Plaintiff has not contacted his counsel for over a year (Mot. to Withdraw Appearance ¶ 1), nor has he taken any steps to represent himself since his counsel withdrew. The Plaintiff failed to appear for a pretrial conference on October 1, 2018 and the Court then vacated a jury trial formerly set for October 15, 2018 [ECF No. 49]. The Plaintiff again failed to appear again on November 7, 2018, for a telephonic conference [ECF No. 50]. The Defendants noted during this conference that they planned to file a Motion to Dismiss for Failure to Prosecute [ECF No. 50]. Still, the Plaintiff failed to take any action. Further, the Plaintiff has not provided the Court with a new, valid address of record [ECF No. 51].

Although dismissal is a harsh sanction, it is appropriate in this instance. An explicit warning from the Court that the Plaintiff's case would be dismissed for failure to prosecute is not

required, particularly when this notice comes from another party. *See Martinez v. Cty. of Porter, Indiana*, No. 2:15 CV 35, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 30, 2016) (citing *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006)). The Defendants informed the Court that they intended to file a Motion to Dismiss for Failure to Prosecute [ECF No. 50] and the Plaintiff still failed to prosecute his case or respond to the Defendants' Motion. The Plaintiff has failed to act in this case for more than a year and his cumulative failures impact the Court's calendar and prejudice other litigants.

Additionally, although Defendant Gladieux was not included as a party to the Motion to Dismiss, the Court finds that the same analysis applies to the present facts.[1] A district court may dismiss an action for failure to prosecute under Rule 41(b) sua sponte, as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F. 3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Therefore, the Court finds that dismissal is appropriate regarding all Defendants.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss for Failure to Prosecute [ECF No. 52] and ORDERS this case DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) as to all Defendants.

SO ORDERED on January 11, 2019.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT

---

[1] Attorney J. Spencer Feighner has appeared for all defendants including Sheriff Gladieux [ECF Nos. 25 and 27], and it appears to be a typographical error that Defendant Gladieux's name was not included in the caption or the first paragraph of the Motion to Dismiss.